SWIFT & COMPANY V. FRANK HOLOUBEK.

FILED MAY 19, 1898. No. 8093.

1. **Master and Servant: DANGEROUS MACHINERY: PERSONAL INJURY.** A master does not insure his servant, although the latter be of immature years, from injury by machinery in its nature dangerous, and an instruction which permits the jury to find for the plaintiff if the machinery was dangerous and the plaintiff not guilty of contributory negligence, is erroneous.

2. **Instructions: EVIDENCE.** An instruction must not submit to the jury the consideration of facts the existence of which the evidence does not tend to establish.

3. **Personal Injury: EVIDENCE: EXPECTANCY OF LIFE.** Where a personal injury is permanent in its character, although the plaintiff be a minor, evidence as to his expectancy of life, from experience tables, must be based on his actual age and not on the age of majority.

4. **———: INFANTS: EARNING POWER.** But, where there is no evidence of emancipation, recovery should not be permitted for loss of earning power during his minority.

5. **Evidence Not Within Issues.** Evidence should not be permitted to digress from the issues into an investigation of collateral questions.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*I. R. Andrews,* for plaintiff in error.

*J. L. Kaley, contra.*

IRVINE, C.

Frank Holoubek, the plaintiff in the district court, a boy fourteen years of age, was employed by Swift & Co.,

a corporation operating a packing house in South Omaha, and while so employed his hand was caught in the machinery and three fingers were lost. He sued to recover for this injury and recovered a judgment for $5,000, which the defendant seeks by these proceedings to reverse.

The court gave the following instruction at the request of the plaintiff: "You are instructed that in determining whether plaintiff exercised ordinary care it is proper for you to take into consideration the nature of the service he was performing when injured, his knowledge or lack of knowledge of the work, the nature of the casing machine upon which he worked, whether simple or complicated, whether plaintiff's attention was required to be constantly concentrated on his work or not, whether but one place was required to be watched by him while working said machine to avoid danger, if there was danger, or numerous places, whether his work consisted of the repetition of one act or numerous acts, whether the instruction he received by defendant when he began work on said machine, if you find he received instruction, tended to aid him in safely working at said machine or to confuse him, and all the facts and circumstances surrounding the case; and if you are satisfied from all the evidence that the work at which the plaintiff was employed at the time he was injured was dangerous and that on account of his youth and inexperience he did not understand or comprehend its dangerous character, and you further find that while working upon said machine at the time said injury occurred plaintiff exercised such ordinary care and prudence as would ordinarily be exercised by persons of plaintiff's age, intelligence, and experience under like circumstances and conditions, then you will be warranted in returning a verdict for the plaintiff and in assessing for him such damages as you think him justly·entitled to." Undoubtedly the main purpose of this instruction was to cover the subject of contributory negligence, al-

though why plaintiff desired that that issue be submitted we hardly see in view of the following from the answer: "Defendant further alleges that whatever injury the plaintiff received was not owing to any negligence on his part." We can only treat that language as an express admission that there was no contributory negligence. But the instruction cannot for that reason be disposed of as not prejudicing the defendant, because it referred not only to contributory negligence, but undertook to cover the whole case. After stating certain facts which might be considered in ascertaining whether the plaintiff was negligent, it proceeded to say that the jury would be warranted in returning a verdict for plaintiff if the work was dangerous and plaintiff from his youth was not aware of the danger, provided he was not himself negligent. It omitted altogether the element of defendant's negligence and permitted a recovery on the sole ground that the machine was of a dangerous character. Nearly all machinery is more or less dangerous, in the familiar use of that word, but an employer does not insure his servants, even youths, against accidents on that account. It was not pleaded that the accident was caused by any failure to instruct the plaintiff as to the dangers inherent in the use of the machine, so that its dangerous character, unless the machine were technically defective, was not even a step towards making out a case on that ground. Some of the circumstances detailed in the instruction as proper to consider were not shown by any evidence to exist. While these were stated in connection with the subject of plaintiff's negligence—a fact not in issue—they attracted the attention of the jury to such circumstances and apparently gave them importance, especially as by the instruction the case was made to turn on plaintiff's conduct. There is no evidence that plaintiff received instructions tending to confuse him or that he was injured in consequence of attempting to follow instructions, or by ignorant conduct in the absence of instructions which should have been given.

The Carlisle tables of expectancy were introduced, the defendant objecting to that part showing expectancy at fourteen, and contending that as the plaintiff was not emancipated his expectancy should be shown from the age of twenty-one. Here the plaintiff's position was correct. The tables are only an aid to the jury in ascertaining the probable duration of life. The plaintiff was then fourteen, and his expectancy must be measured in the light of that fact. In the absence of evidence of emancipation there should not, however, have been permitted any recovery for loss of earnings prior to his majority. An instruction on the measure of damages was inaccurate in omitting this feature.

Much immaterial testimony was introduced. It would be hard to say which party was at fault in this or where error began, if there was prejudicial error, in admitting it. As the judgment must be reversed for error in the charge we need not consider the rulings on the evidence in detail. The departure from the issues began with questions asked in cross-examination for the purpose of impeachment. This led to a redirect examination, which brought out more of the conversations inquired about, and then followed evidence in chief from other witnesses, until the collateral matters seemed to absorb the attention of counsel. The last fifty pages of the bill of exceptions is almost entirely occupied with testimony relating to negotiations for a compromise. In subsequent proceedings it would be well for both parties to guard against such digressions.

REVERSED AND REMANDED.